**KROGER COMPANY, Appellant,**

v.

**Mrs. Madeline THOMAS, Appellee.**

**No. 14009.**

United States Court of Appeals
Sixth Circuit.
April 16, 1960.

---

6. Civil Code of California, sec. 3369.

J. W. Kirkpatrick, Memphis, Tenn. (W.
J. Chiapella, of Chiapella, Kirkpatrick,
Rhodes & Watson, Memphis, Tenn., on
the brief), for appellant.

Henry H. Hancock (Lucius E. Burch,
Jr., of Burch, Porter, Johnson & Brown,
Memphis, Tenn., on the brief), for ap-
pellee.

Before McALLISTER, Chief Judge,
CECIL, Circuit Judge, and HOLLAND,
Senior District Judge.

PER CURIAM.

The plaintiff, Mrs. Madeline Thomas,
sued the Kroger Company in the United
States District Court for the Western
District of Tennessee, Western Division,

for personal injury damages growing out of her being struck by the "Exit" door at defendant's supermarket in Memphis, Tennessee. She recovered with a jury verdict and judgment, from which appeal was taken.

■ On the first issue of alleged negligence by placing the "in" door on the left as a customer entered the Kroger market, the verdict of the jury was not warranted. The general custom, in the separation of the traffic with certain doors for "in" traffic and certain doors for "out" traffic, is for the "in" door to be placed on the right as one enters, but this custom did not preclude Kroger from placing them as it did. The evidence in the case provided a reason for this action on Kroger's part, but, generally speaking, Kroger was not required to justify this method. It was its right to place them as it saw fit. However, this does not mean that a plaintiff would be deprived of the right to allege negligence in so arranging the doors contrary to custom, with the right to produce evidence to prove that such construction of a store entrance would, under given circumstances, constitute negligence. Hence on this issue alone the verdict of the jury was not warranted.

■ The second theory of alleged negligence, under the evidence, was sufficient to warrant the jury in finding Kroger negligent. That is the manner in which the "out" door did in fact operate on the occasion in question. The placing of the "out" door on the right as Mrs. Thomas proposed to enter defendant's market, is involved in this theory of alleged negligence. Under the evidence Mrs. Thomas was warranted in following custom and first proceeding to the door on the right, the one which proved to be the exit door. She was in that position for a short time prior to discovering that she was not at the proper door for enter-

ing the store, and while leaving or starting to leave that position the exit door was opened under such conditions and in such a manner, that the jury was warranted in finding that Kroger was negligent. Hence on this issue the verdict should stand unless the charges were erroneously given or refused.

In meeting this theory of negligence, the defendant was allowed to present its affirmative defenses of contributory negligence and assumption of risk, and the jury verdict in finding for the plaintiff and against the defendant on these affirmative defenses was warranted.

Now as to the Court's charges.

■ The Court gave plaintiff's requested charge No. 4. The portion of the charge incorporating this requested charge No. 4, relates to the invitation to enter the store, that is, Mrs. Thomas first going to the "out" or exit door before going to the "in" or entrance door, and her being in that area when struck by the opening of the exit door. It could well be that the Court could have called attention to the fact that the charge so given did not specifically and singly relate to the first theory of alleged negligence, but when the charge as a whole is read, we find there was no reversible error.

■ As to the Court's not giving defendant's requested charge No. 6, we find no error. This requested charge took away from the jury the matter of their finding factual matters.

■ As to the Court's not giving defendant's requested charge No. 10, there was no error. The requested charge leaves out the second theory of alleged negligence, and instructs the jury to find for the defendant on this situation alone, without incorporating all the theories of alleged negligence, but only on one of which the verdict could properly stand.

The verdict is supported by the evidence and the judgment is affirmed.